PCT Contr. Inc. v Riggs Distler & Co., Inc. (2021 NY Slip Op 06328)





PCT Contr. Inc. v Riggs Distler & Co., Inc.


2021 NY Slip Op 06328


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


Index No. 655278/18 Appeal No. 14609 Case No. 2021-01125 

[*1]PCT Contracting Inc., Plaintiff-Respondent-Appellant,
v
Riggs Distler & Company, Inc., Defendant-Appellant-Respondent.


Dentons US LLP, New York (John J. Hay of counsel), for appellant-respondent.
Kaufman Dolowich & Voluck, LLP, New York (Andrew Richards of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered March 19, 2021, which denied defendant's motion for summary judgment dismissing plaintiff's claims or, in the alternative, summary judgment limiting defendant's liability under the parties' agreement to $50,000, and denied plaintiff's motion for summary judgment on its claims and for dismissal of defendant's counterclaims, unanimously modified, on the law, to dismiss plaintiff's first cause of action for breach of contract, and otherwise affirmed, without costs.
Plaintiff's first cause of action, seeking damages for breach of contract, must be dismissed in accordance with the Asset Purchase Agreement's (APA) Exclusive Remedies clause, found in section 8.09, which provides, in relevant part, that the parties' "sole and exclusive remedy with respect to any and all claims (other than claims arising from fraud, criminal activity or willful misconduct on the part of a party hereto [ ]) . . . shall be pursuant to the indemnification provisions set forth in this Article VIII [on Indemnification]." The allegations here regarding defendant's failure to negotiate and pay a broker's fee do not rise to the level of fraud or willful misconduct so as to allow plaintiff to pursue a remedy other than indemnification.
The motion court otherwise correctly denied defendant's motion with respect to plaintiff's second cause of action for contractual indemnification, and also correctly denied plaintiff's motion seeking dismissal of defendant's counterclaims. There are unresolved material issues of fact concerning each party's allegations that the other party breached obligations of the APA, the resolution of which is necessary to the determination of the claim and counterclaims (see Securitized Asset Funding 2011-2, Ltd. v Canadian Imperial Bank of Commerce, 167 AD3d 468, 469 [1st Dept 2018]). The court also correctly declined to rule, in the alternative, that defendant's liability under the APA should be limited to $50,000, as the APA's terms cannot fairly be read to limit liability.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021